UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD PEREZ,

    Plaintiff,

v.                                        Case No. 8:25-cv-826-WFJ-SPF

SERGEANT PEREZ, *et al.*,

    Defendants.
_____/

## ORDER

Richard Perez, a Florida prisoner, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Mr. Perez alleges that over the past three years, prison officials at six different facilities have harmed him and other inmates by using "modernized . . . up-to-date technology cemented into" the walls of cells and dormitories. (*Id.* at 7, 18). The "technology" allegedly consists of "half sticks of tubes." (*Id.* at 14). The "tubes" release "poisons" and "contaminated water," cause the consumption of "unconsented medications," unlawfully record inmates' movements, and "infring[e] on personal information to commit crimes of fraud." (*Id.* at 2, 14). According to Mr. Perez, this unlawful technology has damaged his "internal digestive system" and led to the disappearance of family members. (*Id.* at 8).

Having reviewed the complaint under 28 U.S.C. § 1915A, the Court concludes that this action must be dismissed as frivolous. "A claim is frivolous if it is without arguable merit either in law or fact," including where it "describ[es] fantastic or delusional

scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Section 1915A grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Mr. Perez alleges that over the past three years, prison officials at six separate facilities have inserted "half sticks of tubes" into the walls as part of a conspiracy to poison him, force medication on him, record his movements, steal his personal information, and cause the disappearance of family members. (Doc. 1 at 2, 7, 14, 18). Courts have held that similar allegations are patently frivolous. *See, e.g.*, *Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021) (district court properly dismissed as frivolous plaintiff's "allegations that prison officials poisoned him with dangerous drugs"); *Hogan v. Georgia*, 812 F. App'x 975, 976 (11th Cir. 2020) ("[Plaintiff's] complaint of a vast conspiracy to engage in illegal medical experimentation is patently frivolous."); *Prescott v. TDCJ Corr. Officers*, No. 6:24-cv-080, 2024 WL 4849106, at *3 (E.D. Tex. Sept. 19, 2024) ("Plaintiff's claims of a 'clandestine surveillance' program monitoring prisoners to collect intelligence to disseminate and then 'target' others are factually frivolous, fanciful, and outlandish."), *adopted by* 2024 WL 4849050 (E.D. Tex. Nov. 19, 2024); *Mitchell v. Dozier*, No. 6:18-cv-004, 2018 WL 3846318, at *5 (S.D. Ga. Aug. 13, 2018) ("Plaintiff's claims that unnamed members of the security and medical staff at GSP implanted transmitters into him to monitor and manipulate his emotions, thoughts, and actions are pure fantasy."), *adopted by* 2018 WL 5603638 (S.D. Ga. Oct. 30, 2018).

Accordingly, it is **ORDERED** that Mr. Perez's civil-rights complaint (Doc. 1) is **DISMISSED** as frivolous under 28 U.S.C. § 1915A.[1] The Clerk is directed to enter judgment against Mr. Perez, terminate any pending motions, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on April 9, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Perez separately alleges that, since his arrival at Martin Correctional Institution in April 2024, prison officials have "blocked" mail addressed to him and given it to "another prisoner." (Doc. 1 at 15). This allegation is not factually frivolous, but the Middle District of Florida is not the proper venue for it. Martin Correctional Institution is located in Martin County, Florida. Thus, any claims related to the conditions of confinement at that facility must be pursued in the Fort Pierce Division of the Southern District of Florida. The dismissal of the present action is without prejudice to Mr. Perez's right to pursue his mail-tampering claims in the proper venue.